UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
Casimiro Gomez Almonte,
*on behalf of himself and others similarly*
*situated in the proposed FLSA Collective Action,*

                                  Plaintiff,                Case No.
                                                            22-cv-07771-DG-RML

                 -VS-
                                                            **ANSWER**

Mikot Construction Inc., Ekot Construction Inc.,
and Miroslaw Kotlewski (a/k/a "Mike" Kotlewski),

                                  Defendants,
----------------------------------------------------------------------x

## ANSWER

Defendants Mikot Construction Inc., Ekot Construction Inc., and Miroslaw Kotlewski (a/k/a "Mike" Kotlewski) by their attorneys Silverberg P.C., for their answer to plaintiff Casimiro Gomez Almonte's complaint, responds as follows:

    1.    No response is necessary for paragraphs 56, 60, 66, 70, 76, and 80, and defendants deny such.

    2.    Defendants admit the truth of the allegations asserted in the Complaint, paragraphs 22, 24, and 27.

    3.    Defendants lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore they deny the allegations, asserted in the Complaint, paragraphs 23, 52, and 53.

    4.    Defendants deny the truth of the allegations asserted in the Complaint, paragraphs 1 through 21, 25, 26, 28 through 51, 54, 55, 57, 58, 59, 61 through 65, 67, 68, 69, 71, 72, 73, 74,

75, 77, 78, 79, 81, and 82.  Defendants assert that the law speaks for itself.  Defendants assert that plaintiff worked under a 1099 agreement.  Plaintiff began his work in about 2013.  When plaintiff and others worked on a Saturday, it was from about 8 a.m. to about 1 p.m., and defendants paid those working a full day's pay.  On rare occasions due to special circumstances, people worked on Sundays, but such work was accompanied by a day-off on Monday.  Ekot Construction only existed for about two years between 2020 and 2022 for special projects.  Ekot Construction's annual gross revenue was less than $500,000.

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted by virtue of estoppel, laches, waiver, and/or unclean hands.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

Any damages sustained by the Plaintiff were occasioned in whole or in part by Plaintiff's own errors, breach of contract, neglect and/or omissions.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

Plaintiff claims fail based on res judicata.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail based on statute of frauds.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail based on statute of limitations.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the claims are premature.

**WHEREFORE,** defendants respectfully requests that this Court enter judgment as follows:

(a)  Dismissing the Plaintiff's complaint; and,

(b)  Such other and further relief as this Court may deem proper.

Dated: March 27, 2023
      Central Islip, New York

                              Silverberg P.C.
                              *Attorneys for Defendants*
                              *Mikot Construction Inc., Ekot Construction Inc., and Miroslaw Kotlewski (a/k/a "Mike" Kotlewski)*

                              By: ____/s/ Karl Silverberg ____
                                  Karl Silverberg, Esq.

                              320 Carleton Avenue, Suite 6400
                              Central Islip, New York 11722
                              (631) 778-6077